COPY

STEVE W. BERMAN (*pro hac vice* pending)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com

ELAINE T. BYSZEWSKI (SBN 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
E-mail: elaine@hbsslaw.com

*Attorneys for Plaintiff and the Proposed Class*

FILED

12 NOV 13 PM 4:01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON LADERER, on behalf of himself and all others similarly situated,<br><br>                                Plaintiff,<br><br>   v.<br><br>DOLE FOOD COMPANY, INC., a Delaware corporation,<br><br>                                Defendant. | CV 12-09715 AS (AGRx)<br><br>**CLASS ACTION COMPLAINT** |

CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

**Page(s)**

I.     OVERVIEW .................................................................................... 1

II.    JURISDICTION ............................................................................... 2

III.   PARTIES ......................................................................................... 2

IV.    FACTUAL ALLEGATIONS ............................................................ 3

    A.   Dole Recognizes Its Environmental Responsibility ...................... 3

    B.   The Relationship between Dole and the Polluting Plantation ................ 5

    C.   The Communities and the Affected Area ................................. 6

    D.   The Environmental Degradation and Adverse Effects on Health and Livelihood ................................................................. 7

        1.   Dam construction causes severe flooding and destroys crops. ..... 7

        2.   Agricultural chemicals contaminate the water supply and cause adverse health effects. ........................................ 10

        3.   Expropriation of the water supply makes clean water harder to find. ................................................................ 11

    E.   Various Entities Confirm the Environmental Degradation and Adverse Effects on Health and Livelihood ........................... 12

    F.   Dole's Misrepresentations and Omissions ............................ 13

V.     CLASS ACTION ALLEGATIONS ................................................ 14

VI.    CAUSES OF ACTION .................................................................. 17

FIRST CAUSE OF ACTION:  VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT (CAL. CIV. CODE § 1750, *ET SEQ.*) ................................ 17

SECOND CAUSE OF ACTION:  VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*) ................................................................. 19

THIRD CAUSE OF ACTION:  FRAUD BY CONCEALMENT (BASED ON CALIFORNIA COMMON LAW) ........................................ 21

FOURTH CAUSE OF ACTION:  UNJUST ENRICHMENT / COMMON LAW CLAIM FOR RESTITUTION  (BASED ON CALIFORNIA COMMON LAW) ................................................................. 21

CLASS ACTION COMPLAINT - i

010340-11  563873 V1

Case No.:

PRAYER FOR RELIEF ............................................................................ 22

JURY TRIAL DEMAND ......................................................................... 23

CLASS ACTION COMPLAINT - ii

Plaintiff Clayton Laderer brings this action on behalf of himself and on behalf of all others similarly situated against Dole Food Company, Inc. ("Dole" or "Defendant").  Plaintiff's allegations are made on information and belief except as to allegations regarding himself which are based on personal knowledge.  Plaintiff alleges as follows:

## I.   OVERVIEW

1.    This consumer class action arises from the unfair and deceptive business practices of Dole, one of the world's largest and most sophisticated producers of fruits and vegetables, including bananas.

2.    Dole markets and sells its bananas as though they were farmed in an ecologically friendly and otherwise sustainable manner.  In fact, some of Dole's bananas – including bananas grown in impoverished areas of Guatemala – are produced in a way that destroys natural ecosystems, contaminates the drinking water of affected communities, and poisons local residents.  Dole misrepresents this reality in its marketing materials and fails to disclose that production methods expropriate and contaminate water supplies, destroy wetlands, cause flooding, destroy the crops of local communities, and cause illnesses in children.

3.    Dole had a duty to disclose such material information to consumers based on its superior knowledge regarding the foreign plantations on which its banana crops are grown.  Lacking such material information, consumers purchased Dole bananas when they otherwise would not have.

4.    Accordingly, Plaintiff brings this nationwide action on behalf of themselves and all other similarly situated individuals for violation of California consumer protection statutes, including CAL. CIV. CODE § 1750 *et seq*., the

CLASS ACTION COMPLAINT - 1

Consumers Legal Remedies Act ("CLRA"); CAL. BUS. & PROF. CODE § 17200 *et seq*., the Unfair Competition Law ("UCL"); and the California common law of fraud by concealment and unjust enrichment.

## II.   JURISDICTION

5.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d) because the amount in controversy for the Class exceeds $5,000,000, and Plaintiff and other putative Class members are citizens of a different state than Defendant.

6.     This Court has personal jurisdiction over Plaintiff because he submits to the Court's jurisdiction.  This Court has personal jurisdiction over the Defendant because it conducts substantial business in the District and maintains its principal place of business in the State of California.

7.     Venue is proper in this Court because Defendant maintains its principal place of business in the Central District of California, Defendant sold bananas within the Central District of California, and transactions at issue in this Complaint occurred within the Central District of California.

## III.   PARTIES

8.     Plaintiff Clayton Laderer is a resident and citizen of California.  He purchases Dole bananas on a regular basis.  Had Dole disclosed that production methods contaminate water supplies, destroy wetlands, cause flooding, destroy the crops of local communities, and/or cause illnesses in children, he would not have purchased these bananas or paid as much for them.

9.     Defendant Dole Banana Company is a for-profit corporation. Defendant, which had net revenues of $6.9 billion in 2010, is the world's largest

CLASS ACTION COMPLAINT - 2

producer and marketer of "high quality" fresh fruits and fresh vegetables. Defendant is registered in the State of Delaware, and maintains its principal place of business in the State of California, at 1 Dole Drive, Westlake Village, California.

## IV.   FACTUAL ALLEGATIONS

10.     Dole purchases almost 300 million pounds of bananas per year from a plantation that has caused significant environmental harm to ecosystems that have historically provided sustenance and livelihoods to approximately 4500 Guatemalan people.  Dole, which knew or should have known of this reality, nonetheless represented itself as selling bananas that had been produced in an environmentally sustainable manner and failed to disclose that production methods contaminate water supplies, destroy wetlands, cause flooding, destroy the crops of local communities, and cause illnesses in children.

**A.     Dole Recognizes Its Environmental Responsibility**

11.     Dole has admitted in materials it publishes that Dole has an "unwavering commitment" to environmental responsibility:

### Corporate Social Responsibility

As the world's largest producer and marketer of high quality fresh fruit and fresh vegetables and with a growing line of packaged and frozen foods, the DOLE brand is synonymous with high quality standards and satisfaction. Dole has earned this reputation over the last 154 years thanks to its unwavering commitment to fulfill its customers' needs and consumers' expectations in the critical areas of quality assurance, food safety, traceability, environmental responsibility and social accountability.   (Emphasis added.)

12.     Dole recognizes that its operations can impact local drinking water and promises to make drinking water safe:

---

CLASS ACTION COMPLAINT - 3

**Dole Sustainability**

## Drinking Water

In order to improve health conditions among its workers, Dole collaborates with local authorities to develop clean water solutions throughout the communities. Such support ensures adequate sanitation infrastructure to guarantee an ample supply of clean water for proper nutrition, sanitary hygiene, safe agricultural practice and overall better health.

13.     Dole recognizes its responsibility to local communities in its statement of "Corporate Responsibility and Sustainability:"

## Mission Statement

Dole Food Company, Inc. believes that in order to perpetuate sustainability, it is of the utmost importance to treat our people, resources, environment and community as our most precious assets. Business can be an important actor and agent for change through creating products and services that society values, establishing primary jobs and efficiently using resources. As a company dedicated to making the world a better place to live both today and in the future, Dole's mission is to:

1.  Providing the world with healthy and nutritious foods.
2.  Offering employees competitive wages, ample benefits and a safe work environment. Honoring our employees' rights.
3.  Enhancing and empowering our communities to advance and prosper.
4.  Protecting our natural resources and actively seeking ways to reduce our environmental impact.

(Emphasis added.)

14.     On September 8, 2010, Dole CEO authorized the issuance of a press release at a conference in Guatemela entitled:

**Dole CEO Highlights Company Corporate Responsibility
and Sustainability Programs at Conference in Guatemela**

Mr. DeLorenzo admitted that Dole had an "ongoing corporate responsibility" in Central America:

> Dole always strives to be a responsible corporate citizen in
> all of the countries in which we operate," said DeLorenzo.

15.     Dole admits that its goal is to prevent adverse effects on health, safety and the environment:

CLASS ACTION COMPLAINT - 4

## Environmental Policy

It is Dole's policy to comply with all applicable laws and regulations at all times wherever we operate, to take all practicable steps to promote health, safety and environmental protection, and to continually progress toward attainment of Dole's goals. Dole manages operations worldwide that belong to different economic sectors – farming, food processing, manufacturing, research, transportation (including trucking, shipping and managing port facilities), distribution and sales. In all these operations, it is Dole's goal to prevent adverse effects on health, safety and the environment. It is also our goal to provide comparable levels of health, safety and environmental protection for all who help to produce our products and all communities affected by our operations. Dole strives to develop and employ approaches that are most appropriate and effective under local conditions to make significant progress toward our goals. In these efforts, we are guided by scientific research and knowledge; principles of risk analysis; public, community and worker concerns; and regulatory policies and standards of the United States, the European Union, and international organizations such as the World Health Organization. Dole is committed to quality, safety, pollution prevention and continuous improvement in environmental protection. (Emphasis added.)

16.    Dole makes these promises, "environmental responsibility," "safe agricultural practices," the environment treated as "our most precious asset" and commitment to protection, because it knows such claims are important to consumers. The surge of environmental awareness by consumers in the United States is unmistakable. Consumers are taking into account such corporate promise in their purchasing decisions.

17.    As set forth below, Dole's complicity in the adverse acts of the Polluting Plantation violates its acknowledged duties and responsibilities.

**B.    The Relationship between Dole and the Polluting Plantation**

18.    Dole buys bananas from a company named Agro-Industrial Company Bananera Nacional, S.A, hereinafter referred to as the "Polluting Plantation."

19.    Between January 31, 2010, to January 19, 2011, Dole purchased approximately 290 million pounds of bananas from the Polluting Plantation.

---

CLASS ACTION COMPLAINT - 5

20.    The Polluting Plantation's banana sales to Dole represent approximately 76 percent of all the Polluting Plantation's banana sales.

**C.    The Communities and the Affected Area**

21.    The Polluting Plantation grows bananas in the area surrounding the Pacayá River and the Ocós River, an area which is located in the Department of San Marcos in Guatemala.  This area is hereinafter referred to as the "Affected Area."

22.    The people of seven communities in the area surrounding the Pacayá River and the Ocós River have historically depended on the rivers for their livelihoods and for the provision of clean drinking water.  These communities are Barillas, Carrizal, Chiquirines, El Izotal, Morenas, Palmar I, and Palmar II.  They are hereinafter referred to as the "Injured Communities."  The location of the plantation and the Injured Communities is depicted below:



23.    Approximately 750 families, or 4500 people, live in the Communities.

CLASS ACTION COMPLAINT - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D.    The Environmental Degradation and Adverse Effects on Health and Livelihood**

**1.    Dam construction causes severe flooding and destroys crops.**

24.    Banana roots cannot stand in water.  If wetlands are to be used as plantations, they must first be drained.  This drainage causes a lowering of the water table and reduces the water supply available to local inhabitants.  Streams which run through the plantations are controlled in channels.  Any excess water is carried off in canals.  The result of these two land alterations increase the speed with which the water flows and the volume of water leaving the plantation.  This causes flooding to all areas downstream of a new banana plantation.  And the destruction of wetlands prevents the natural absorption of excess water during the rainy season.

25.    In 2005, the Polluting Plantation altered the ecology of the Affected Area by constructing dams that are designed to protect its banana and oil-palm plantations.  Below is an example of such a dam:



Company Diversion Dam

---

CLASS ACTION COMPLAINT - 7

26.     These dams have destroyed approximately 1200 acres of wetlands in the Affected Area, which has damaged the water-filtration properties and the natural flood-control properties of the Affected Area.  Below are pre and post photographs of wetlands destroyed by the Polluting Plantation:





27.     In 2005, the Communities of the Affected Area experienced severe flooding for the first time in their history.  Because of the severe flooding,

CLASS ACTION COMPLAINT - 8

community members lost their second corn harvest of the 2005 season, thereby incurring significant economic losses.  The severe flooding in 2005 was directly and proximately caused by the dams that the Polluting Plantation had constructed.

28.  Since 2005, the ecology of the Affected Area has been so changed by the agricultural practices of the Polluting Plantation that community members are now able to harvest corn only once per year, even in years without severe flooding.

29.  In 2010, the Communities of the Affected Area experienced severe flooding for the second time in their history.  Because of the severe flooding, community members lost their corn harvest, thereby incurring significant economic losses.  The severe flooding in 2010 was directly and proximately caused by the dams that the Polluting Plantation had constructed:



ANTES: 28 de abril 2010          AHORA: 04 de junio 2010

010340-11  563873 V1                                      Case No.:



| 04 de junio 2010 | 04 de junio 2010 |

30.     No statistically significant increase in rainfall has occurred between 1990 and 2010.

**2.     Agricultural chemicals contaminate the water supply and cause adverse health effects.**

31.     The Polluting Plantation contaminates rivers in the Affected Area with fertilizers, pesticides, and organic matter.

32.     The Polluting Plantation mixes fertilizers into its irrigation system every 15 to 20 days.

33.     The Polluting Plantation spreads approximately 350 gallons of various fungicides over its banana trees every 8 to 10 days to control the spread of the fungus sigatoka negra.

34.     The Polluting Plantation fumigates its banana fields every 5 to 8 days using toxic chemicals like bromomethane and cipermetrina.

35.     The use of these toxic chemicals has caused the children of the Communities to suffer nausea, dizziness, and other health problems.

CLASS ACTION COMPLAINT - 10

36.     One community leader explains that "[o]n the days the Company aerial fumigates the banana plantation, my children suffer from severe stomach pain and have vomiting episodes.  The aerial fumigation occurs about once a week."[1]

37.     Since 2005, the Communities have also reported increased incidences of gastrointestinal problems and skin ailments.

38.     Dead fish have also been found along the banks of a river in the Affected Area as a result of the contaminants which the Polluting Plantation had dumped into the water supply.

39.     The drinking water of the Communities today has levels of nitrites, nitrates, and sulfates that are ten times the maximum level recommended by the World Health Organization.

40.     Nitrites, nitrates, and sulfates are commonly used in the farming of bananas.

41.     Moreover, due to both the annual flooding and contamination described above, floodwaters annually deposit toxic chemicals directly on the plains where community members have historically farmed corn.

42.     These toxic chemicals directly threaten the livelihoods of the community members.

**3.      Expropriation of the water supply makes clean water harder to find.**

43.     Since 2005, several wells in the Affected Area have gone dry.

---

[1] "Assessment Trip: Water Contamination in Seven Communities in the Southwest Guatemala Municipality of Ocos, Department of San Marcos,"  Water and Sanitation Health, Inc. (Feb. 2011) at 12.

CLASS ACTION COMPLAINT - 11

44.     Since 2005, members of the Communities have experienced increased difficulties in acquiring clean drinking water, and often have to walk long distances in order to acquire clean drinking water.

45.     One community leader explains that "[i]n the dry season the river almost runs dry and there is very little water to wash clothes.  Fishing is no longer possible.  Prior to the Company destroying the wetlands, there was always enough water during the dry season.  The Company diverts most of the river to the banana plantation."[2]

46.     These difficulties are the direct and proximate result of the Polluting Plantation's practice of diverting water to its own use, to the detriment of community members.

**E.     Various Entities Confirm the Environmental Degradation and Adverse Effects on Health and Livelihood**

47.     In 2005, the Guatemalan Ministry of Agriculture produced an engineering study which concluded that the Polluting Plantation's actions had contributed to the severe flooding.[3]

48.     In 2006, an independent technical investigation concluded that the Polluting Plantation's actions had directly caused the severe flooding.[4]

---

[2] *Id*. at 12.
[3] *Id*. at 10 (citing *Feasibility Study for Draining and Controlling Future Floodings of La Blanca, Ocos, San Marcos*, Ministry of Agriculture, 201, July 2005).

[4] *Id*. at 10 (citing Jorge Mario Escobar Barrios, *Informe técnico de las inundaciones producidas por el río Pacayá, en la cuenca media y baja del río Ocosito*, (San Marcos, Guatemala, February 2006).

CLASS ACTION COMPLAINT - 12

49.     In 2010, an international fact-finding mission concluded that Defendant and the Polluting Plantation had violated the community members' rights to food, water, health, and a healthy environment.[5]

50.     In late 2010, University of Washington researchers contacted Water & Sanitation Health, Inc. ("WASH"), a non-profit organization registered in the State of Washington that helps impoverished villages across the world build sustainable clean-water systems, and informed it that drinking water in the Communities had been contaminated by the Polluting Plantation on which Dole bananas are grown.

51.     WASH agents visited the Communities in February 2011 and conducted their own research.  They too found that the Communities' drinking water had been contaminated.

52.     WASH agents also verified Dole's relationship with the Polluting Plantation.  Trucks bearing Dole's logo were seen entering and leaving the banana fields of the Communities.

**F.     Dole's Misrepresentations and Omissions**

53.     In web-based marketing information which it presents to the world at large, Dole describes its "corporate responsibility and sustainability."  Dole describes itself as holding a "commitment to protect natural resources and improve employees' standard of living."[6]

---

[5] *Id.* at 3, 9 (citing *The Right to Food in Guatemala, Final Report of International Fact Finding Mission,* FIAN International, March 2010).

[6] www.dolecrs.com/approach/.

CLASS ACTION COMPLAINT - 13

54.     In the same marketing information, Dole states that it has "always focused on empowering its workers, enhancing their communities and protecting the surrounding environment."[7]

55.     In the same marketing information, Dole assures potential customers that its "independent growers" meet its standards.  Dole promises that "if an independent grower fails to comply [with Dole's requirements], then it is the responsibility of [Dole's] management to intervene immediately so that product quality and environmental protection are maintained."  Dole further promises that it will "cease business with any noncompliant supplier."[8]

56.     Dole nowhere discloses that methods used to produce its bananas expropriate and contaminate water supplies, destroy wetlands, cause flooding, destroy the crops of local communities, and cause illnesses in children.

57.     Dole knew or should have known that the company was harming the ecology of the Affected Area and the lives of the community members.

58.     And Dole had a duty to disclose such material information to consumers based on its superior knowledge regarding the foreign plantations on which its banana crops are grown.

59.     Lacking such material information, consumers purchased Dole bananas when they otherwise would not have.

## V.     CLASS ACTION ALLEGATIONS

60.     Plaintiff seeks certification of a Class defined as follows:

---

[7] www.dolecrs.com/approach/.

[8] www.dolecrs.com/approach/supply-chain-management/.

CLASS ACTION COMPLAINT - 14

> All persons nationwide who purchased Dole bananas from a retailer to which Dole supplied bananas grown on the Guatemalan plantation of Agro-Industrial Company Bananera Nacional, S.A.

Excluded from the Class are Defendant, its employees, co-conspirators, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies; class counsel and their employees; and the judicial officers and their immediate family members and associated court staff assigned to this case.  The proposed Class is both ascertainable and shares a well-defined community of interest in common questions of law and fact.  Furthermore, this action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements.

61.    Plaintiff does not know the exact number of Class members at the present time.  However, due to the nature of the trade and commerce involved, there are many thousands of class members, such that joinder of all Class members is impracticable.

62.    Questions of law and fact are common to the Class and predominate over questions affecting only individual members, including, *inter alia*, the following:

a.    Whether the Polluting Plantation on which Dole bananas are grown employed production methods that expropriated and contaminated water supplies, destroyed wetlands, caused flooding, destroyed the crops of local communities, and caused illnesses in children;

b.    Whether Dole failed to disclose that production methods employed by the Polluting Plantation expropriated and contaminated water supplies,

CLASS ACTION COMPLAINT - 15

destroyed wetlands, caused flooding, destroyed the crops of local communities, and caused illnesses in children;

c.    Whether Dole had a duty to make these disclosures based on its superior knowledge regarding the foreign plantations on which its banana crops are grown;

d.    Whether the nondisclosed information would be material to a reasonable consumer;

e.    Whether the nondisclosures were likely to deceive a reasonable consumer in violation of the CLRA and UCL;

f.    Whether the nondisclosures constitute an unlawful business practice in violation of the UCL;

g.    Whether the nondisclosures constitute an unfair business practice in violation of the UCL;

h.    Whether Dole's unlawful, unfair and/or deceptive practices harmed Plaintiff and the members of the Class;

i.    Whether Dole was unjustly enriched by its deceptive practices; and

j.    Whether Plaintiff and the members of the Class are entitled to damages, restitution, and/or equitable or injunctive relief.

63.    Plaintiff's claims are typical of the claims of the Class members as described above, and arise from the same course of conduct by Dole and the Polluting Plantation on which its bananas are grown.  The relief Plaintiff seeks is typical of the relief sought for the absent Class members.

---

CLASS ACTION COMPLAINT - 16

64.     Plaintiff will fairly and adequately represent and protect the interests of all absent Class members.  Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

65.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all the individual Class members is impracticable.  Furthermore, because the restitution and damages suffered, and continue to be suffered, by each individual Class member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class members to redress the wrongs done to each of them individually and the burden imposed on the judicial system would be enormous.

66.     The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.  In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT**
**(CAL. CIV. CODE § 1750, *ET SEQ.*)**

67.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

68.     Defendant is a "person" under CAL. CIV. CODE § 1761(c).

---

CLASS ACTION COMPLAINT - 17

69.     Plaintiff is a "consumer," as defined by CAL. CIV. CODE § 1761(d), who purchased bananas sold by Defendant.

70.     By failing to disclose that production methods employed by the Polluting Plantation expropriated and contaminated water supplies, destroyed wetlands, caused flooding, destroyed the crops of local communities, and caused illnesses in children, Dole engaged in deceptive business practices prohibited by the CLRA, CAL. CIV. CODE § 1750, *et seq.*, including (1) representing that products have characteristics, uses, benefits, and qualities which they do not have; (2) representing that products are of a particular standard, quality, and grade when they are not; and (3) advertising products with the intent not to sell them as advertised.

71.     Dole had a duty to make these disclosures based on its superior knowledge regarding the foreign plantations on which its banana crops are grown, as well as its affirmative misrepresentations to the contrary.

72.     A reasonable consumer would not have purchased or paid as much for the bananas had Dole disclosed the truth about the environmental degradation and adverse health effects caused by the production methods of the Polluting Plantation, as that information is material to a reasonable consumer.

73.     As a result of its violations of the CLRA detailed above, Defendant has caused and continues to cause actual damage to Plaintiff and members of the Class and, if not stopped, will continue to harm them.  Had Plaintiff known the truth about the environmental degradation and adverse health effects caused by the production methods of the Polluting Plantation on which Dole bananas are grown, he would not have purchased the bananas and/or paid as much for them.

CLASS ACTION COMPLAINT - 18

74.     In accordance with Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA. In addition, after mailing appropriate notice and demand in accordance with Civil Code § 1782(a) & (d), Plaintiff will subsequently amend this Complaint to also include a request for damages.  Plaintiff and members of the Class request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief, including attorneys' fees and costs, as provided in Civil Code § 1780 and the Prayer for Relief.

75.     Plaintiff includes an affidavit with this Complaint that shows venue in this District is proper, to the extent such an affidavit is required by CAL. CIV. CODE § 1780(d) in federal court.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
### (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)

76.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

77.     California Business and Professions Code section 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice."  Dole has engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL.

78.     Dole has violated the unlawful prong by its violation of the CLRA described above.

79.     Dole has violated the fraudulent prong of section 17200 because the omissions regarding the production of its bananas as set forth in this Complaint were

CLASS ACTION COMPLAINT - 19

likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

80.     Dole has violated the unfair prong of section 17200 because the acts and practices set forth in the Complaint offend established public policy and because the harm they cause to consumers greatly outweighs any benefits associated with those practices.  Dole's conduct has also impaired competition within the bananas market and has prevented Plaintiff from making fully informed decisions about whether to purchase Dole bananas and/or the price to be paid.  Defendant's conduct also offends established public policy.

81.     The Named Plaintiff has suffered injury in fact, including the loss of money or property, as a result of Defendant's unfair, unlawful and/or deceptive practices.  As set forth in the allegations concerning Plaintiff, in purchasing bananas the Plaintiff relied on the omissions of Dole.  Had the Named Plaintiff known the truth about the environmental degradation and adverse health effects caused by the production methods of the Polluting Plantation from which Dole obtains bananas, he would not have purchased the bananas and/or paid as much for them.

82.     All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business.  Defendant's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated throughout the State of California and nationwide.

83.     Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and members of the Class any money

---

CLASS ACTION COMPLAINT - 20

Dole acquired by unfair competition, as provided in CAL. BUS. & PROF. CODE § 17203, and for such other relief set forth below.

### THIRD CAUSE OF ACTION

### FRAUD BY CONCEALMENT
### (BASED ON CALIFORNIA COMMON LAW)

84.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

85.     As set forth above, Dole concealed material facts concerning the production methods of its bananas.  Dole had a duty to make these disclosures based on its superior knowledge regarding the foreign plantations on which its banana crops are grown, as well as its affirmative misrepresentations to the contrary.

86.     Dole actively concealed material facts, in whole or in part, with the intent to induce Plaintiff and members of the Class to purchase their bananas.

87.     Plaintiff and the Class were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed facts.

88.     As a result of the concealment of the facts, Plaintiff and the Class sustained damage in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT / COMMON LAW CLAIM FOR RESTITUTION
### (BASED ON CALIFORNIA COMMON LAW)

89.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

90.     As a result of its wrongful acts and omissions, as set forth above, Dole obtained monies which rightfully belong to Plaintiff.  Had Plaintiff known the truth about the environmental degradation and adverse health effects caused by the

---

CLASS ACTION COMPLAINT - 21

Case No.:

production methods of the Polluting Plantation from which Dole obtains bananas, he would not have purchased the bananas and/or paid as much for them.

91.    Dole enjoyed the benefit of increased financial gains, to the detriment of Plaintiff and other Class members.  It would be inequitable and unjust for Dole to retain these wrongfully obtained profits.

92.    Plaintiff, therefore, seeks an order requiring Dole to make restitution to them and other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf all others similarly situated, respectfully requests that this Court enter a judgment against Dole and in favor of Plaintiff, and grant the following relief:

A.    Determine that this action may be maintained as a Class action with respect to the Class identified herein and certify it as such under Rule 23(b)(3), or alternatively certify all issues and claims that are appropriately certified, and designate and appoint Plaintiff as Class Representatives and his counsel as Class Counsel;

B.    Declare, adjudge and decree the conduct of the Defendant as alleged herein to be unlawful, unfair and/or deceptive;

C.    Notify all Class members of the truth regarding the production methods employed by the Polluting Plantation from which Dole obtains bananas;

D.    Award Plaintiff and Class members actual, compensatory damages, as proven at trial;

E.    Award Plaintiff restitution of all monies paid to Defendant as a result of unlawful, deceptive, and unfair business practices;

CLASS ACTION COMPLAINT - 22

F.      Award Plaintiff and the Class members exemplary damages in such amount as proven at trial;

G.      Award Plaintiff and the Class members reasonable attorneys' fees, costs, and pre- and post-judgment interest; and

H.      Award Plaintiff and the Class members such other further and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff, by counsel, requests a trial by jury on his legal claims, as set forth herein.


DATED: November 13, 2012          HAGENS BERMAN SOBOL SHAPIRO LLP


By_____
            Elaine T. Byszewski
            301 North Lake Avenue, Suite 203
            Pasadena, CA  91101
            Telephone:  (213) 330-7150
            E-mail:  elaine@hbsslaw.com

            Steve W. Berman
            HAGENS BERMAN SOBOL SHAPIRO LLP
            1918 Eighth Avenue, Suite 3300
            Seattle, WA  98101
            Telephone:  (206) 623-7292
            E-mail:  steve@hbsslaw.com

            *Attorneys for Plaintiff and the Proposed Class*

010340-11  563873 V1                                    Case No.:

### DECLARATION RE CLRA VENUE

I, Clayton Laderer, do hereby declare and state as follows:

1.      I am a party plaintiff in Juli Deyoung and Clayton Laderer, *on behalf of themselves and all others similarly situated v. Dole Food Company, Inc., a Delaware corporation.*  Pursuant to CAL. CIV. CODE § 1780(d), I make this declaration in support of the Class Action Complaint and the claim therein for relief under CAL. CIV. CODE § 1780(a).  I have personal knowledge of the facts stated herein and, if necessary, could competently testify thereto.

2.      This action for relief under CAL. CIV. CODE § 1780(a) has been commenced in a county that is a proper place for trial of this action because Dole does business throughout the State of California.

This declaration is signed under penalty of perjury under the laws of the State of California this _11_ day of November, 2012.

_C-_____

---

CLASS ACTION COMPLAINT - 25

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CLAYTON LADERER, on behalf of himself and all others similarly situated,

**DEFENDANTS**
DOLE FOOD COMPANY, INC., a Delaware corporation,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203, Pasadena, CA 91101
Telephone: (213) 330-7150

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CAFA, 28 U.S.C. 1332(a) and (d). This nationwide consumer class action arises from the unfair and deceptive business practices of Dole in violation of California law.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act | |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights | |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent | |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark | |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY | |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) | |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) | |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI | |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) | |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS | |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 | |
| | ☐ 290 All Other Real Property | | | | | |

## CV12- 09715

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Plaintiff Clayton Laderer is a resident and citizen of Contra Costa County, California. |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant resides in Los Angeles County. | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date November 13, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Elaine T. Byszewski (SBN 222304)
Hagens Berman Sobol Shapiro LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CLAYTON LADERER, on behalf of himself and all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br><br>DOLE FOOD COMPANY, INC., a Delaware corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-09715** CAS (AGRx)<br><br><br>**SUMMONS** |
|---|---|

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Elaine T. Byszewski _____, whose address is 301 North Lake Avenue, Suite 203 Pasadena, CA 91101 _____.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

NOV  1 3  2012

JULIE PRADO

Dated: _____    By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*